

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00190-CR

_____

DARREUS DEMONT WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 26,909

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Darreus Demont Williams was convicted by a jury of aggravated assault by use of a deadly weapon. Williams pled true to the State's enhancement allegation and was sentenced to seven years' confinement. On appeal, Williams argues that the evidence is legally insufficient to support his conviction.[1] We disagree and affirm the trial court's judgment.

In evaluating legal sufficiency, we review all of the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of aggravated assault with a deadly weapon beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while keeping in mind that the credibility of witnesses is the sole province of the jury and that we "must give deference to 'the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Jackson*,

---

[1]Williams also appeals from the following convictions entered on the same date: aggravated assault against a public servant (cause number 06-12-00189-CR); aggravated assault by use of a deadly weapon (cause number 06-12-00191-CR); aggravated assault by use of a deadly weapon (cause number 06-12-00192-CR); and aggravated robbery with a deadly weapon (cause number 06-12-00193-CR). The complete factual background giving rise to all of these convictions is the same and is set forth in our opinion of this date in cause number 06-12-00193-CR. Therefore, this opinion only discusses the facts necessary to decide this opinion.

443 U.S. at 318–19); *Ehrhardt v. State*, 334 S.W.3d 849, 857 (Tex. App.—Texarkana 2011, pet. ref'd).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

The indictment in this case alleged that Williams, individually and acting together with Guadalupe Ramirez, III, intentionally or knowingly threatened Virginia Green with a firearm, a deadly weapon. Williams individually committed the offense of aggravated assault with a deadly weapon if (1) he (2) intentionally or knowingly (3) used or exhibited a deadly weapon (4) to threaten Green with imminent bodily injury. TEX. PENAL CODE ANN. §§ 22.01(a)(2), 22.02(a)(2) (West 2011). A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2012).[2]

---

[2] Also, "[a] person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." TEX. PENAL CODE ANN. § 7.01(a) (West 2011). "A person is criminally responsible for an offense committed by the conduct of another if: . . . acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011). Thus, Williams committed aggravated assault with a deadly weapon as a party if he acted with intent to promote or assist Ramirez in the commission of the offense by encouraging, aiding, or attempting to aid in the aggravated assault of Green with a firearm. The evidence was sufficient to convict Williams if he was physically present at the commission of the offense and encouraged its commission by words or other agreement. *Hartsfield*, 305 S.W.3d at 864 (citing *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994) (op. on reh'g)).

3

In our opinion in cause number 06-12-00193-CR, we explained that the evidence was sufficient for the jury to find that Williams was one of three men who robbed Bonnie Lou's Game Room and that all three robbers, Williams, Ramirez, and Vincent Thomas, were acting together.

At trial, Virginia Green testified that she was standing outside the Game Room "talking to her nephew on the phone when three armed, "dark-skinned" "Hispanic and black" men wearing hoodies and bandanas covering their faces approached the establishment. She claimed "the defendant pushed me" and "out of nowhere I just went flying through the" double doors. Green sustained "a carpet burn, and . . . a bruise." Green was too scared to move and "didn't know whether they was [sic] going to shoot me."

Green stated that, despite the fact that the robbers were wearing hoodies and had placed bandanas over their noses, which hid the majority of their faces, Williams had the same eyes as her assailant.

Williams argued that other testimony by Green established that Thomas was her assailant, not Williams. Green told the jury "[t]he one in the gray hoodie," established by the evidence to be Thomas, was the one that assaulted her.[3]

The evidence as to whether the assailant was Williams or Thomas is contradictory. However, Green also testified that the person who pushed her "grabbed [her] purse and [her] cell phone and then he went outside and then he came back in" while "the Mexican guy[, Ramirez,]

---

[3]According to the evidence, robber Vincent Thomas wore a gray hoodie, another robber wore a blue hoodie, and the last wore a red or multi-colored hoodie. Witness Darlene Robinson testified, "[T]here was a gray one, and then two dark-colored ones." Thomas was wearing a gray hoodie at the time of his death.

was standing over there on the wall," and the third suspect was "by the machines." This testimony established that the assailant was not Ramirez.

Green's husband, Clayton, testified that the returning robber was "kind of the tall one" and "the tall one's the one that had my wife's purse." Later, however, he identified Green's assailant as "[t]he middle guy." Green's niece, Teresa Green, testified, "Two of the suspects were kind of heavier-set, like, chunky or whatever. And the guy by the door was skinny. You could tell he was black." Thomas was identified as the "skinny," African-American robber, Williams was a "six-foot . . . 200 pound[]" African-American, and Ramirez weighed approximately 250 pounds. Thus, Clayton's description of the "kind of tall one" and "[t]he middle guy" pointed to Williams as Green's assailant. Further, Green stated that "the heavier-set, black gentleman" was the person who pushed Green.

It was within the jury's province to resolve conflicts in the evidence and testimony with regard to the identity of Green's assailant. *Hooper*, 214 S.W.3d at 13. Viewing the evidence in the light most favorable to the verdict, we find the evidence sufficient to establish that Williams committed the aggravated assault.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     July 26, 2013
Date Decided:       August 2, 2013

Do Not Publish

5